PETER BISHOP *vs.* LLOYD B. CLARK.

Penobscot. Opinion May 19, 1890.

*Use and occupation. Landlord and tenant. Contract of purchase. Rent.*

One who by parol, purchases a lot of land and by consent of the seller takes and holds possession of it, making improvements, with no express agreement to pay rent, is not liable for rent while the contract of purchase remains executory between the parties.

ON EXCEPTIONS.

Assumpsit on account annexed, the items and amount of which were not disputed. Date of writ, September 17, 1887.

Defendant filed an account in offset, for rent or use and occupation of a lot of land in Kingman from April 1, 1885, to date of writ; the only question in dispute being the legal liability of plaintiff to have said account in offset allowed. The case was referred to the court with leave to except.

The presiding justice found that some eighteen years ago, soon after the Kingman tannery was built, under the ownership of F. Shaw & Bros., one of the workmen, with their knowledge and assent, entered upon the lot in question and built a house and made other improvements thereon, not adversely however, the Shaws being then the legal owners of the lot; that he afterwards sold the house and improvements to another, who some ten years ago sold same to plaintiff.

Before plaintiff purchased the house and improvements, he made a verbal agreement with Wm. Shaw, one of the owners of the land for a conveyance of the lot to him for $27.50, should he

purchase, and after he purchased, Shaw sent on a surveyor to run out the land and put stakes at the corners, the plaintiff being present and assisting in the survey. This was soon after he purchased the improvements eight or ten years ago.

In August, 1882, Wm. Shaw died, and in August, 1883, the firm failed and made assignment of all of their property, including the lands and tannery at Kingman, to one F. A. Wyman, trustee, who subsequently conveyed the same to Charles W. Clement, trustee, after which by deed, dated April 1, 1885, the land in Kingman, including the lot in question was conveyed by said Clement to this defendant who has since owned the same. In the meantime plaintiff continued in possession of the lot claiming as a verbal purchaser, and making extensive improvements, paying taxes, but nothing more.

Plaintiff was ready to pay the $27.50 and interest, and, to save questions, even more for a deed of the lot. The lot increased considerably in value since the original occupancy commenced, and according to the evidence, the fair rentable value of the lot independent of the improvements was ten dollars per year. This amount defendant claimed in offset from the time of his purchase to the commencement of suit.

The court having decided adversely to defendant's claim in offset, and rendered judgment for plaintiff for the amount of his claim, independent of the offset, defendant excepted to such decision.

*A. W. Paine,* for defendant.

The agreement for sale was verbal only, without legal force or effect. When one occupies the land of another, by consent of the owner, under a verbal agreement to purchase, recognizing the ownership of the party, he is regarded in law as a tenant at will; and the law implies a promise to pay a reasonable price for the use and occupancy. *Cheever* v. *Pearson,* 16 Pick. 266, 271; *Delano* v. *Montague,* 4 Cush. 42, 45; *Boston* v. *Binney,* 11 Pick. 1; *Brewer* v. *Dyer,* 7 Cush. 337; *Merrill* v. *Bullock,* 105 Mass. 486, 490; *Lucier* v. *Marsales,* 133 Mass. 454; *Central Mills* v. *Hart,* 124 Mass. 123, 125; *Gould* v. *Thompson,* 4 Met. 224, 227, 228, 229; *Welch* v. *Andrews,* 9 Met. 78, 81; *Jordan* v. *Jordan,* 4

Maine, 175; *Porter* v. *Hooper*, 11 Id. 170, 172; *Rogers* v. *Libbey*, 35 Id. 200; *Larrabee* v. *Lumbert*, 34 Id. 79; *Roxbury* v. *Huston*, 39 Id. 312; *Fox* v. *Corey*, 41 Id. 81; *Patterson* v. *Stoddard*, 47 Id. 355; *Goddard* v. *Hall*, 55 Id. 579; *Bank* v. *Getchell*, 59 N. H. 281; *Kelley* v. *Davis*, 49 N. H. 187; *Barron* v. *Marsh*, 63 N. H. 107; *No. Haverhill Water Co.* v. *Metcalf*, 63 N. H. 427; *Swift* v. *Durham Lumber Co.*, 64 N. H. 53; *Dunnell* v. *Emery*, 64 N. H. 223; Taylor's L. & T. § 371, p. 240; *Swain* v. *Ayers*, 20 Q. B. Div. L. R. 585.

The only exceptions to above general proposition are when the agreement exempts the tenant from such payment; when the agreement has ripened into a conveyance; when the possession was adverse, or in denial of the owner's title.

*A. W. Weatherbee*, for plaintiff.

LIBBEY, J.    We think the decision of the presiding judge at *nisi prius* upon the facts reported, correct.    When the plaintiff entered into possession of the lot of land for which the defendant claims rent, he entered under a verbal contract with the owner for the purchase of it at a price agreed upon, and the owner of the land caused a survey of the lot to be made and corners to be erected.    The plaintiff has remained in possession of the lot under this agreement for more than ten years, and made extensive improvements upon it.    At the time of the trial he had not paid the sum agreed upon for the land, and it does not appear that he had been requested to do so.

The owners of the land, F. Shaw & Brothers, in 1883, failed and assigned their property to an assignee for the benefit of their creditors, and the assignee conveyed the lot in controversy, with other lands to the defendant.    There was no agreement by the plaintiff to pay rent, and from the facts reported, it must be inferred that the parties did not contemplate the payment of rent. In equity, upon the facts reported the verbal agreement to convey, is still binding as against the defendant, who took his title from the assignee of the Shaws, and would be enforced on the payment of the price agreed with interest, by the plaintiff.

We think the case is clearly within the rule as held in *Jewell*

v. *Harding*, 72 Maine, 124, and recognized in *Harkness* v. *McIntire*, 76 Maine, 201.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.